**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00144-CV**
_____

**IN RE VTG RAIL, INC.**

**Original Proceeding**
**410th District Court of Montgomery County, Texas**
**Trial Cause No. 17-09-10555-CV**

**MEMORANDUM OPINION**

Relator, VTG Rail, Inc., argues that the trial court clearly abused its discretion by denying a plea to the jurisdiction and a plea in abatement in a suit filed by the real party in interest, Truth Chemical, for a declaratory judgment to enforce the terms of a purported settlement agreement concerning a rail car lease agreement. VTG Rail claims that because the amount in controversy exceeded the jurisdictional limit of the county court at law, an order transferring the case to the district court was void, and the district court must either dismiss the case or abate it in favor of a district

1

court in Hidalgo County where VTG Rail has filed a suit for breach of the lease agreement.

## Background

On August 31, 2017, Truth Chemical filed an original petition in which it alleged that VTG Rail and Truth Chemical entered into a settlement agreement to terminate their rail car lease agreement and release each other from liability arising out of the rail car lease agreement in exchange for $18,000. Truth Chemical petitioned for a declaratory judgment that the settlement agreement is a valid and binding contract, that VTG Rail must accept Truth Chemical's $18,000 payment, and that VTG Rail has released Truth Chemical from all liability arising out of the rail car lease agreement. Truth Chemical sought damages below $100,000. Truth Chemical filed the petition with the Montgomery County District Clerk for filing in district court, but the clerk assigned the case to the County Court at Law No. 2 of Montgomery County under a local rule that provides for assignment in cases of concurrent jurisdiction. *See* Montgomery (Tex.) Dist. Ct. Loc. R. 1.3(C).

Subject to a motion to transfer venue to Hidalgo County, VTG Rail filed an answer and counterclaim for breach of the rail car lease contract in which it alleged damages in excess of $200,000.

On January 8, 2019, Truth Chemical filed a plea to the jurisdiction and motion to dismiss VTG Rail's counterclaim, or in the alternative, transfer the case to district court, because the amount in controversy for the counterclaim exceeded the jurisdictional limit of the county court at law. *See* Montgomery (Tex.) Dist. Ct. Loc. R. 3.4(I). VTG Rail responded with its own plea to the jurisdiction. VTG Rail made inconsistent arguments in the county court at law. On one hand, VTG Rail argued Truth Chemical could not meet the district court's jurisdictional minimum because a declaratory judgment has no amount in controversy. On the other hand, VTG Rail argued the county court at law did not have jurisdiction over Truth Chemical's claims because the amount in controversy exceeded the jurisdictional limits of the county court at law, as the true value of the liability the alleged release extinguished exceeded $200,000.

On January 11, 2019, VTG Rail filed suit in a district court in Hidalgo County against Truth Chemical for breaching the lease agreement. On January 15, 2019, Truth Chemical filed an amended petition in the county court at law in Montgomery County adding a breach of settlement agreement claim to its declaratory judgment action. In the amended petition, Truth Chemical alleged it sustained damages in an amount less than $100,000. In late January, the county court at law asked the district

court in Montgomery County to accept a transfer or reassignment of the case under Local Rule 3.4. *See id.* The district court agreed.

On February 12, 2019, VTG Rail filed a plea to the jurisdiction and plea in abatement, subject to its motion to transfer venue to Hidalgo County. In part, VTG Rail argued that the Hidalgo County district court had dominant jurisdiction by virtue of the suit VTG Rail filed in a district court in Hidalgo County on January 11, 2019, against Truth Chemical for breaching the lease agreement. On April 25, 2019, the Montgomery County district court denied VTG Rail's motion to transfer venue, its plea to the jurisdiction, and its plea in abatement.

**Mandamus**

A writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Truth Chemical filed the original petition with the Montgomery County district clerk, who assigned the case to the county court at law under local rules, which allow cases to be reassigned from county courts at law to district courts if the clerk originally assigned the case in error. *See* Montgomery (Tex.) Dist. Ct. Loc R. 1.3(C); *see also* Tex. Gov't Code Ann. § 25.1722(e) (West 2019). VTG Rail has not

4

shown that the order of the county court at law was void or that Truth Chemical's conduct initiating suit in Montgomery County required the district court to apply an exception to the rules governing the court that possesses dominant jurisdiction. *See In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 296–97 (Tex. 2016). After considering the petition and accompanying record, the response and the reply to the response, we conclude that Relator has not shown that the trial court clearly abused its discretion. Accordingly, we lift our stay order of May 15, 2019, and deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on May 28, 2019
Opinion Delivered July 11, 2019

Before Kreger, Horton and Johnson, JJ.